UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
THE TRAVELERS INDEMNITY COMPANY OF
CONNECTICUT,                                                                   Case No.

                                              Plaintiff,

                          -against-

ACCREDITED SURETY AND CASUALTY COMPANY,
INC.

                                           Defendant.
------------------------------------------------------------------X

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, The Travelers Indemnity Company ("Travelers"), by and through its undersigned counsel, as and for its Complaint against Defendant Accredited Surety and Casualty Company, Inc. ("Accredited"), alleges upon information and belief as follows:

## NATURE OF THE ACTION

1. Travelers is providing a defense to Amazon.comServices LLC ("Amazon") and Archstone Builders, LLC ("Archstone") in a lawsuit entitled *Bardhul Myftari v. Amazon.comServices LLC and Archstone Builders, LLC* in the Supreme Court of the State of New York, New York County, Index no. 158093/2021 (the "Underlying Action").

2. In the instant action, Travelers seeks a declaration that Accredited is obligated to defend and indemnify Amazon and Archstone in the Underlying Action as additional insureds under the policy of insurance issued by Accredited to Capstone Contracting Corporation ("Capstone") on a primary, non-contributory basis, and that Travelers is entitled to judgment for all defense and indemnity costs incurred on behalf of Amazon and Archstone in the Underlying Action.

## PARTIES

3. At all times relevant hereto, Travelers was and is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut.

4. Upon information and belief, at all times relevant hereto, Accredited is a Florida corporation, with a principal place of business in Florida.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interest and costs, pursuant to 28 U.S.C. Section 1332 and 28 U.S.C. Section 2201.

6. In the Underlying Action, Bardhul Myftari ("Claimant") seeks recovery for alleged severe personal injuries to his head, neck, back and shoulders. Therefore, the purported value of the Underlying Action exceeds $75,000.

7. Venue is proper in this Court, pursuant to 28 U.S.C. Section 1391(b), in that a substantial part of the events giving rise to this claim occurred in this judicial district.

8. An actual justiciable controversy exists between the parties as to the coverage afforded under the insurance policy issued by Accredited.

9. Travelers has no adequate remedy at law.

## THE RELEVANT POLICIES

10. Accredited issued a general liability policy to Capstone bearing policy number 1-TPM-NY-17-01239752 for the policy period August 26, 2020 to August 26, 2021 (the "Accredited Policy").

11.     Subject to certain terms, conditions and exclusions, the Accredited Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

12.     The Accredited Policy contains an endorsement entitled PRIMARY AND NONCONTRIBUTORY – OTHER INSURANCE CONDITION which provides in relevant part:

> This insurance is primary to and will not seek contribution from any other insurance available to an additional insured under your policy provided that:
>
> (1)   The additional insured is a Named Insured under such other insurance; and
> (2)   You have agreed in writing in a contract or agreement that this insurance would be primary and would not seek contribution from any other insurance available to the additional insured.

13.     Travelers issued a Commercial General Liability Policy to Archstone bearing policy number CO-7K030655 for the policy period December 31, 2020 to December 31, 2021 (the "Travelers Policy").

14.     Subject to certain terms, conditions and exclusions, the Travelers Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

15.     The Travelers Policy contains excess "other insurance" provisions that provide that coverage under the Travelers Policy is excess over any other coverage available where the Named Insured was added as an additional insured.

## BACKGROUND FACTS

16.     On September 10, 2019, Archstone contracted for "Renovation, Core & Shell Construction Work and Related Services" (the "Renovation Contract") with Amazon for construction activities at 424 Fifth Avenue in New York City (the "Premises").

17. The terms of the Renovation Contract require Archstone to maintain general public liability insurance naming Amazon as an additional insured with respect to the Premises.

18. On August 29, 2019, Archstone entered into Purchase Order #18-A034-21 with Capstone (the "Purchase Order") to provide sub-contract services at the Premises with respect to the Renovation Contract. The "Insurance Requirements" contained in the Purchase Order required Capstone to secure additional insured coverage for Amazon and Archstone, with Amazon and Archstone to be identified as "an additional insured afforded on a primary and non-contributory basis to all other insurance and/or self-insurance maintained by such additional insureds under all liability coverages."

19. In the Underlying Action, Claimant alleges that, on or about August 17, 2021, he fell from a baker scaffold at the Premises when it collapsed, resulting in his alleged severe personal injuries.

20. Travelers is defending Amazon and Archstone in connection with the Underlying Action.

21. In the Underlying Action, Claimant seeks to impose liability on Amazon and Archstone for alleged bodily injury which arose out of the maintenance and use of the baker scaffold at the Premises.

### **TENDER TO ACCREDITED AND GALLAGHER BASSETT**

22. By correspondence dated September 30, 2021, Travelers tendered the defense and indemnification of Amazon and Archstone with respect to the Underlying Action to Accredited.

23. On November 10, 2021, Gallagher Bassett advised it had been retained by Accredited to address their claims handling.

24. Subsequent follow-up requests were directed to Accredited and Gallagher Bassett regarding the tender request by Amazon and Archstone pertaining to the Underlying Action.

25. Accredited, in its own right or through Gallagher Bassett, has failed to accept Travelers' tender of the defense and indemnification of Amazon and Archstone with respect to the Underlying Action

## CAUSE OF ACTION FOR DECLARATORY RELIEF

26. Travelers repeats, realleges and incorporates each and every allegation contained in paragraphs "1" through "25" above as if fully set forth herein.

27. Amazon and Archstone qualify as additional insureds under the Accredited Policy with respect to the Underlying Action.

28. The coverages provided to Amazon and Archstone under the Accredited Policy are primary to, and non-contributory with, any coverage provided by the Travelers Policy with respect to the Underlying Action.

29. Accordingly, Travelers seeks a declaration that Accredited has an obligation to defend and indemnify Amazon and Archstone in the Underlying Action as additional insureds under the Accredited Policy; that the coverages provided by the Accredited Policy to Amazon and Archstone are primary; and that the obligations of Travelers to Amazon and Archstone are excess to proper exhaustion and full payment of the limits of the Accredited Policy.

30. In addition, Travelers seeks an award at law and in equity against Accredited for recovery of all sums Travelers has paid and continues to pay in the defense of Amazon and Archstone in the Underlying Action because the coverages provided by the Accredited Policy are primary to any coverage provided by Travelers.

**PRAYER FOR DECLARATORY RELIEF**

WHEREFORE, Plaintiff Travelers respectfully requests that this Court issue judgment as follows:

1. Declaring that the Accredited Policy was in full force and effect on the date of the injury alleged by Claimant in the Underlying Action;

2. Declaring that all terms and conditions of the Accredited Policy have been met;

3. Declaring that the Underlying Action and the alleged accident upon which it is based fall within the coverage afforded by the Accredited Policy;

4. Declaring that Defendant Accredited owes a duty to defend Amazon and Archstone in connection with the Underlying Action;

5. Declaring that Defendant Accredited owes a duty to indemnify Amazon and Archstone in connection with the Underlying Action;

6. Declaring that Defendant Accredited's coverage obligations to Amazon and Archstone with respect to the Underlying Action are primary;

7. Declaring that Plaintiff Travelers' coverage obligations under the Travelers Policy toward Amazon and Archstone with respect to the Underlying Action are excess to those of Defendant Accredited;

8. Declaring that an actual controversy exists between Plaintiff Travelers and Defendant Accredited with respect to Accredited's duty to defend and indemnify Amazon and Archstone in connection with the Underlying Action;

9. Awarding judgment against Accredited in an amount equal to the sums that Travelers incurred and continues to incur in defending the claims against Amazon and Archstone in the Underlying Action;

10. Granting an award in favor of Travelers for the costs of suit incurred herein; and

Granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
December 19, 2022

                                USERY & ASSOCIATES

By:   */s/ Michael E. Buckley*
      Michael E. Buckley
      Direct: 917.778.6411
      Fax: 844.571.3789
      Email: mbuckle4@travelers.com

      <u>Please address all correspondence sent by mail to:</u>
      P.O. Box 2996
      Hartford, CT 06104-2996

      <u>Physical Address</u>:
      485 Lexington Avenue, 6th Floor
      New York NY 10017